**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4048
_____

BI JUAN LIN,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-079-707)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2011
Before:   SLOVITER, CHAGARES and WEIS, Circuit Judges
Opinion filed: January 6, 2011
_____

OPINION
_____

PER CURIAM.

Bi Juan Lin petitions for review of the Board of Immigration Appeals'

("BIA") final order of removal.  For the reasons that follow, we will deny the petition.

I.

Lin is a native and citizen of China who lived in Lianjiang County in Fujian

Province. In 2001, she entered the United States. In July 2005, while pregnant with twins, she applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In support of her application, Lin claimed that she feared she would be forced to undergo an abortion or sterilization upon returning to China because the birth of her twins would violate China's family planning policies. Shortly after she filed that application, the Department of Homeland Security initiated removal proceedings against her, charging her with being removable as an alien who was inadmissible at the time of entry. See 8 U.S.C. § 1227(a)(1)(A). Lin conceded her removability and continued to pursue the relief sought in her application.

In October 2005, Lin gave birth to twin girls. In February 2006, after a hearing on the merits, the IJ concluded that Lin had demonstrated a well-founded fear of future persecution and granted her request for asylum. The Government appealed the IJ's decision to the BIA, and Lin moved for summary affirmance. In December 2007, the BIA denied Lin's motion and sustained the Government's appeal. In doing so, the BIA stated that it was not persuaded that Lin had demonstrated a well-founded fear of persecution. The BIA noted that "[a]lthough [Lin] has submitted copies of the birth control guidelines in Lianjiang County, and has submitted proof that close relatives were sterilized after the birth of two children in China, she must show a reasonable possibility that local officials would enforce those guidelines and involuntarily sterilize her based upon the birth of *twin girls in the United States*." (A.R. at 342-43 (citations omitted).) The BIA further noted that the U.S. State Department's 2005 country profile of China,

which was part of the record, "indicates that U.S. diplomats are not aware of any cases in which returnees from the United States were forced to undergo sterilization procedures on their return." (Id. at 343 (internal quotation marks and citations omitted).) In light of the foregoing, and "[t]o the extent that applicable case law and evidence was not considered by the [IJ] in rendering his decision," (id.), the BIA remanded the case to the IJ for further proceedings. The BIA explained that, on remand, the IJ was to consider any new evidence, including the State Department's most recent country reports on China.

On remand, Lin submitted additional evidence in support of her application. In December 2008, after holding a second merits hearing, the IJ denied Lin's application. The IJ, noting that he was "a bit wary of considering anecdotal evidence that was submitted with regard to other people's situations at a different time and a different place under what have to be different circumstances," (id. at 29), gave more weight to the background information than to Lin's evidence. The IJ explained that according to the State Department's 2007 Profile of Asylum Claims and Country Conditions, "children born abroad, if not registered as a permanent resident to China (i.e.[,] not entered into the parents' household registration), are not considered [to be] permanent residents of China and therefore are not counted against the number of children allowed under China's family planning law." (Id. at 31-32.) In light of this evidence, the IJ concluded that Lin could "avoid the problem of forced sterilization to herself and significantly reduce, if not eliminate, the risk of such treatment" by not registering her children as permanent residents in China. (Id. at 32.) Although the IJ recognized that Lin's not registering her

children "may involve additional costs and inconvenience to her in providing education and medical benefits for the children," the IJ "d[id] not see that the imposition of such costs has been proven in this case to constitute a form of persecution." (Id.)

Lin appealed the IJ's decision to the BIA. In September 2009, the BIA upheld the IJ's decision. The BIA noted that documents submitted by Lin purportedly describing family planning policies in areas of Fujian Province — documents that were not "signed, notarized, or authenticated" — were insufficient to establish that "this particular locality represents a current exception to the general rules regarding the treatment of parents of children born abroad." (Id. at 3.) As for Lin's evidence of other family members allegedly having been sterilized in China, the BIA found that those individuals were not similarly situated to Lin, and that this evidence "provide[d] no guidance regarding the current implementation of China's family planning policy with respect to a Chinese national who now returns with two United States citizen children." (Id. at 4.) The BIA then turned to the background evidence, finding that

> [t]he *Profile*'s statement that children born in the United States to a Chinese national will not be counted against the number of children allowed under China's family planning law if not registered as permanent residents, though higher costs will have to be paid for their education and other social benefits, indicates that [Lin] should be able to return with her United [S]tates citizen children without facing sterilization or other punitive measures.

(Id.) The BIA further found that Lin had not shown that "any potential fines imposed by the Chinese government will amount to persecution." (Id.) Because the BIA determined that Lin had failed to satisfy the standard for asylum, it held that she could not meet the

higher standard for withholding of removal. Finally, the BIA concluded that she had not met the standard for CAT relief. Lin now petitions for review of this most recent BIA decision.[1]

## II.

An alien seeking asylum who does not claim past persecution must demonstrate that she has a well-founded fear of future persecution. See Chavarria v. Gonzalez, 446 F.3d 508, 515-16 (3d Cir. 2006) (citing 8 U.S.C. § 1101(a)(42)). To make this showing, an alien must "demonstrate a subjective fear that is supported by objective evidence that persecution is a reasonable possibility." Yu v. Att'y Gen. of the U.S., 513 F.3d 346, 348 (3d Cir. 2008) (internal quotation marks and citation omitted). We review the agency's conclusions regarding evidence of a well-founded fear of future persecution, as well as its other factual findings, for substantial evidence. See Chavarria, 446 F.3d at 515. Under this deferential standard of review, we must uphold those findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001). We review constitutional claims de novo. Yusupov v. Att'y Gen. of the U.S., 518 F.3d 185, 197 (3d Cir. 2008).

The record in this case supports the agency's finding that Lin did not establish a well-founded fear of future persecution. As highlighted by the IJ and BIA, the State Department's 2007 Profile indicates that U.S.-born children who are not registered

---

[1] We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1).

as permanent residents in China are not counted against the number of children permitted under China's family planning law. Lin's anecdotal evidence, which includes unsigned, unauthenticated documents and submissions from individuals not similarly situated to her, does not compel a contrary finding. Although not registering her children in China might lead to higher costs for their education and other social benefits, Lin has not shown that such costs would rise to the level of persecution.

Lin argues that the IJ and BIA violated her due process rights by failing to act as "neutral fact finders" and "impartial arbiters." In support of this claim, she emphasizes that the Government did not object to her submission of evidence to the IJ, conducted only a limited cross-examination at the second hearing, and did not file a brief in the second appeal to the BIA. Lin's argument is not persuasive. Regardless of the Government's action or inaction, the agency was tasked to weigh the evidence to determine whether Lin had demonstrated a right to relief. That the agency did not simply accept Lin's evidence and arguments at face value does not mean that the agency was biased against her. Indeed, having reviewed the record, we are confident that the agency properly considered all of the evidence before it and rendered its decision in an impartial manner.

In light of the above, we conclude that the BIA did not err in upholding the IJ's denial of Lin's asylum claim. Although Lin's application sought withholding of

removal and CAT relief, she has waived her right to challenge the denial of those claims. [2]

See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court.") (internal quotation marks and citation omitted). Accordingly, we will deny Lin's petition for review.

---

[2] We note without deciding that even if Lin had preserved her withholding of removal and CAT claims, the record would not compel a finding that she satisfied the standard for either form of relief.