**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2135
_____

BI JUAN LIN,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-079-707)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 25, 2013

Before:  VANASKIE, SCIRICA and COWEN, Circuit Judges

(Opinion filed November 14, 2013)
_____

OPINION
_____


PER CURIAM

        Bi Juan Lin, a native and citizen of the People's Republic of China, petitions for

review of the Board of Immigration Appeals' ("BIA") March 20, 2013 decision denying

her second motion to reopen her removal proceedings. For the reasons that follow, we will deny the petition.

I.

Much of the background of this case is summarized in our prior decision denying Lin's petition for review challenging the BIA's final order of removal issued in September 2009. See Lin v. Att'y Gen., 405 F. App'x 683, 683-85 (3d Cir. 2011) (per curiam). For the purposes of our analysis here, we need only summarize the events that have taken place since our decision.

In August 2011, Lin moved the BIA to reopen her removal proceedings. She argued, inter alia, that country conditions in China had changed with respect to her previously-rejected, family-planning-based claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The BIA denied that motion in May 2012, and Lin did not petition for review of that decision.

In October 2012, Lin filed a second motion to reopen with the BIA, again alleging that country conditions in China had changed. This time, she claimed, inter alia, that she was now a practicing Christian, that she had been baptized in 2010, and that she would join an underground Christian church in China if forced to return there. She further alleged that her attendance at such a church would result in her being "arrested and detained" by the Chinese government. In light of these allegations, she sought to reapply for asylum, withholding of removal, and CAT relief.

On March 20, 2013, the BIA denied Lin's second motion to reopen. In addressing Lin's religion-based claim, the BIA began by explaining that she "has not sufficiently

2

demonstrated that the Chinese government is aware of her actions in this country." (A.R. at 3.) Next, the BIA observed that Lin's evidence from China, including a letter to "Bi Juan sister," had not been authenticated in any manner. Then, the BIA noted that Lin's baptism did not constitute evidence of changed country conditions in China. Lastly, the BIA explained that it

> cannot find that [Lin's] documentation establishes changed country conditions or circumstances in China since [her] hearing. [Lin's] country condition evidence may represent a level of deterioration in the toleration of religious freedom in China, but we do not find that she has demonstrated that conditions have changed, for purposes of 8 C.F.R. § 1003.2(c)(3)(ii), since [her] hearing in 2008.

(Id. at 4 (citation omitted).)

Lin now petitions for review of the BIA's March 20, 2013 decision. We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a)(1).[1]

## II.

An alien generally must file a motion to reopen within ninety days of the entry of the final order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i). There is no such time limit, however, if the alien's motion "is based on changed country conditions arising in the

---

[1] In addition to Lin's argument relating to her religion-based claim, her second motion to reopen also included argument relating to her family-planning-based claim. The BIA found this latter argument unpersuasive, and Lin does not challenge that aspect of the BIA's decision in her brief. Accordingly, that issue has been waived. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). However, to the extent that the Government contends that Lin's challenge to the denial of her religion-based claim for reopening has also been waived and/or is unexhausted, that contention lacks merit. Furthermore, to the extent that the Government contends that certain sub-issues relating to Lin's religion-based claim have been waived, we need not decide the question of waiver there because, as we explain in Section II, Lin has not established that the BIA's decision should be disturbed.

3

country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii).[2] The "previous proceeding" refers to the hearing before the Immigration Judge ("IJ"), Filja v. Gonzales, 447 F.3d 241, 253 (3d Cir. 2006), and a change in country conditions is "material" only if it would change the outcome of the alien's application for relief. See Khan v. Att'y Gen., 691 F.3d 488, 496 (3d Cir. 2012). "We review the BIA's denial of a motion to reopen for abuse of discretion and review its underlying factual findings related to the motion for substantial evidence." Shardar v. Att'y Gen., 503 F.3d 308, 311 (3d Cir. 2007) (quotation marks omitted). A denial of reopening constitutes an abuse of discretion only if it is "arbitrary, irrational, or contrary to law." Id. (quotation marks omitted).

Having carefully considered the record and the parties' arguments, we cannot conclude that the BIA abused its discretion in denying Lin's second motion to reopen. That motion devoted little space to Lin's religion-based claim, and none of her argument there explained how country conditions in China had changed since her 2008 hearing before the IJ. The BIA ultimately determined that Lin had failed to establish changed country conditions in China, and her brief here does not cite evidence or otherwise demonstrate how the record supports a contrary conclusion. Although she appears to claim that the BIA's statement that the evidence "may represent a level of deterioration in the toleration of religious freedom in China," (A.R. at 4), is inconsistent with its

---

[2] Although the regulation cited by the BIA — 8 C.F.R. § 1003.2(c)(3)(ii) — does not track § 1229a(c)(7)(C)(ii) verbatim, the two provisions reflect the same standard.

conclusion that she failed to demonstrate changed country conditions, we see no such inconsistency. Rather, we read this aspect of the BIA's decision to mean that the "level of deterioration" that may be reflected by the record is simply not significant enough to be material (i.e., it is not significant enough to change the outcome of Lin's application for relief).[3] We recognize that the BIA could have been more explicit in its reasoning and discussed the background evidence more thoroughly; however, we cannot say that it abused its discretion, particularly in light of the unpersuasive argument and evidence that Lin put before it.

Although Lin also challenges the BIA's authentication ruling, we need not address it because the documents that the BIA deemed unauthenticated, like the rest of the record, fail to show that country conditions in China have changed since her 2008 hearing. Accordingly, and in light of the above, we will deny Lin's petition for review.

---

[3] To the extent that Lin's evidence indeed suggests a "level of deterioration" in the tolerance of religious freedom in China, it appears that deterioration started *before* her 2008 hearing. (See, e.g., A.R. at 108-09.)